AUDITOR GENERAL *v.* R. L. GILLINGHAM FISHING CO.

1. TOWNSHIPS—ORGANIZATION—BOARD OF SUPERVISORS—LEGISLATURE.

Any doubt as to validity of the organization of a township by county board of supervisors in 1879 would be removed by express legislative recognition in 1905 whereby such township's territory was reduced in order to form a city.

2. SAME—ORGANIZATION—TERRITORY.

Where appellant township was organized in 1879 by board of supervisors in which territory was described as including big and little islands, by their subsequent organization of township now adjoining it, detaching certain territory including little island, the big island remained in township originally organized.

3. SAME—ISLANDS—DETACHMENT AND ADDITION OF TERRITORY.

Where an island was territory of appellant township and petition to board of supervisors was presented by freeholders of two other townships to effect detachment from one and addition to other and board passed resolution to effect such a transfer, the whole proceeding was a nullity as the petition was not signed by freeholders in the townships to be affected by the change and did not affect location in appellant township for purposes of taxation (1 Comp. Laws 1929, § 1136).

4. SAME—JURISDICTION OF TERRITORY—PETITION OF FREEHOLDERS.

One township can acquire jurisdiction over territory of another only by proper action by the board of supervisors upon petition of the freeholders of the respective townships or by an act of the legislature (1 Comp. Laws 1929, § 1136).

5. COSTS—TAXATION—ISLANDS—TOWNSHIPS.

No costs are allowed in proceedings which involve the determination in which township an island shall be taxable, a public question being involved.

Appeal from Arenac; Shaffer (John C.), J. Submitted April 3, 1940. (Docket No. 30, Calendar No. 40,593.) Decided June 3, 1940.

Petition by Auditor General for the sale of certain lands for delinquent taxes. Objections thereto by R. L. Gillingham Fishing Company, a Michigan corporation. Township of Whitney intervened as party defendant. Objections overruled. Defendants appeal. Reversed.

*Cochran & Crandell,* for defendants.

CHANDLER, J. This is an appeal from an order of the circuit court of Arenac county, overruling the objections of appellants to a petition of the auditor general of the State of Michigan for the sale of de-

linquent tax lands located on Big or North Charity island in Saginaw bay. The appellant, R. L. Gillingham Fishing Company, purchased the island from the United States in 1926. The appellant, township of Whitney, intervened in the proceeding, claiming that the island is included within its territorial limits and subject to its taxes as opposed to the claims of Sims and Au Gres townships.

The island was assessed and the taxes listed with the auditor general as delinquent in Au Gres township for the years, 1927, 1928, 1929 and 1930, and in Sims township for the years 1927, 1928, 1929, 1931, 1932 and 1934. Thus the record shows that the same land was assessed in two townships for the years 1927, 1928 and 1929. The trial court overruled objections to the petition and the Gillingham company paid $867.52 to the county treasurer, who computed this as the correct amount due, although the petition sets up $1,340.17 as being delinquent. There is no appearance in this appeal by plaintiff.

To settle the controversy it is only necessary to determine the disputed rights over the Big or North Charity island, of Whitney, Sims, and Au Gres townships.

Both the Big and Little Charity islands were attached to Au Gres township in May, 1879, by an act of the legislature. In October, 1879, Whitney township was organized by the board of supervisors and was described to include both Big and Little Charity islands. If there was any doubt about the legal existence of Whitney township due to the nature of the proceedings by which it was created, it was removed by the legislature in 1905 when it expressly recognized Whitney township by reducing its territory in order to form the city of Au Gres.

In 1917, four years after a statute* had been

---

* 1 Comp. Laws 1915, § 2277 (see 1 Comp. Laws 1929, § 1136 [Stat. Ann. § 5.337])—Reporter.

enacted which broadened the power of the board of supervisors to change the boundaries or divide any township in the county, whether such township originally was created by the legislature or by the board of supervisors, the Arenac county board of supervisors organized Sims township by detaching certain territory, including Little Charity island from Whitney township. No mention was made in the proceedings of Big Charity island as belonging to either township. We must, therefore, hold that the land in question remained in Whitney township. The fact that it was not mentioned in the description of the portion remaining in Whitney township, neither in the petition nor in the resolution, must be regarded as a mere omission. Little Charity island was expressly removed from Whitney and transferred to Sims, so we must assume that it was not intended to disturb the location of Big Charity island from its place in Whitney township.

In 1930, a petition was presented to the county board of supervisors by 55 freeholders of Au Gres and Sims townships according to the provisions of 1 Comp. Laws 1929, § 1136 (Stat. Ann. § 5.337), to detach Big Charity island from Au Gres township and add it to Sims township. The board passed a resolution effecting such a transfer. Inasmuch as Big Charity island was legally within the township of Whitney at the time, the proceeding was a nullity and could have no effect on the location of the island. The petition must be signed by freeholders in the townships to be affected by the change.

The objections to the petition for sale of North or Big Charity island as delinquent tax land for taxes assessed by Sims or Au Gres townships must be sustained and the petition of the auditor general for the sale thereof dismissed. The island is taxable only

in Whitney township where its legal location has been since 1879. Sims township can acquire jurisdiction over the island only by proper action by the board of supervisors upon petition of the freeholders of Whitney and Sims townships, or by an act of the legislature.

It is unnecessary to consider other questions presented.

The order of the trial court is reversed, but without costs as a public question is involved.

BUSHNELL, C. J., and SHARPE, POTTER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.