## AUDITOR GENERAL *v.* KLENK.

1. TAXATION—SALE FOR NONPAYMENT—ASSESSMENT IN WRONG COUNTY.

    A court of equity has complete and plenary jurisdiction to consider and determine objections of owners of property to sale of their property for nonpayment of taxes on ground of invalid assessment by officers of the wrong county (CL 1948 and CLS 1956, §§ 211.60, 211.67, 606.4).

2. SAME—SALE FOR NONPAYMENT—AUDITOR GENERAL.

    The auditor general, as an officer of the State, enjoys no position superior to that of any other suitor in chancery when he comes into the circuit court of each county with the annual petition for sale of land for nonpayment of taxes (CLS 1956, § 211.61).

3. SAME—SALE FOR NONPAYMENT—OBJECTION TO ASSESSMENT.

    The auditor general, as petitioner for sale of lands for nonpayment of taxes must do equity, if he is to have equity in such a proceeding, hence, a property owner who raises an objection to the assessment as being void for some recognized reason, and the auditor general is unable to meet the objector's pleading and proof, and the objector's own conduct is not inequitable, is entitled to an adjudication of invalid assessment with stated reason for such adjudication (CLS 1956, § 211.61).

4. SAME—ASSESSMENT—IDENTITY OF ASSESSORS.

    The determination of whether an assessment for taxes is proper includes a determination of the identity of the proper officers charged with the duty of making the assessment and the county in which they function (CL 1948 and CLS 1956, § 211.1 *et seq.*).

5. COSTS—ASSESSMENT.

    No costs are allowed in suit to sell lands for nonpayment of taxes on appeal from order granting petitioner's motion to strike objections interposed that land was in county other than county

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am Jur, Taxation §§ 772, 1161.
[4] 51 Am Jur, Taxation § 662.

where taxes were assessed (CL 1948 and CLS 1956, § 211.1 *et seq.*).

Appeal from Macomb; Kane (Edward T.), J., presiding. Submitted April 5, 1962. (Docket No. 24, Calendar No. 49,224.) Decided July 2, 1962.

In the matter of the petition of Otis M. Smith, Auditor General, for the sale of certain lands for taxes, William C. Klenk and Margaret T. Klenk, with Joseph A. Cassese subsequently intervening, filed objections to the inclusion of their properties claiming improper assessment and taxation within Macomb county. Various municipal and governmental bodies intervened and joined in motion to strike portion of objections. Motion granted. Defendants appeal. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Eugene Krasicky,* Solicitor General, *Nicholas V. Olds* and *Warren R. Snyder,* Assistant Attorneys General, for plaintiff Auditor General.

*John H. Yoe,* for intervening plaintiff South Lake School District.

*John H. Yoe* and *Robert M. Fraser,* for intervening plaintiff City of St. Clair Shores.

*Julius L. Berns,* for intervening plaintiff City of Grosse Pointe Woods.

*Alfred A. Blomberg, Ray W. McPeters* and *George N. Parris,* Prosecuting Attorney, for intervening plaintiff County of Macomb.

*Daniel P. Cassidy* and *John T. Lungerhausen,* for defendants Klenk.

*Frederick D. Jasmer,* for defendant Cassese.

Per Curiam. The meritorious question appellants would have determined is whether, as contended by them, the "base line" dividing Macomb and Wayne counties, along which line east-west Eight Mile road extends until that road intersects southeastward veering Vernier road, continues such division straight east to Lake St. Clair from the intersection. The appellee public authorities, with support of the attorney general, contend that the division effected by such base line ends at the intersection and proceeds thence a degree or so southeastward from extended base line to the lake. The question arose when the appellant landowners filed objections to the auditor general's petition for 1960 sale, as tax delinquent, of certain Macomb county properties, theirs having been included therein.

We are concerned only with a question of jurisdiction, raised by motion of appellees to strike appellants' said objections. It is contended by appellees "that the fixing of boundaries of municipal corporations is a legislative function" (citing *Village of Elberta* v. *City of Frankfort,* 347 Mich 173, and cases therein considered), and that the court in a proceeding instituted under sections 60 through 67 of the general property tax law (CL 1948 and CLS 1956, §§ 211.60–211.67 [Stat Ann 1960 Rev §§ 7.104–7.112]) is without jurisdiction to hear and determine such a question.

When the issue made by appellants' said objections was originally considered, Judge Noe presiding, a special order was entered (August 8, 1960). The order proceeds:

"Now, therefore, this court does hereby order, adjudge and decree that the taxes so assessed against the several descriptions [appellants' parcels] hereinbefore mentioned are illegal and void for the reason that they are vague, inaccurate, indefinite and misleading and the said auditor general is hereby

directed to reject such taxes and to cause the same to be reassessed on corrected descriptions to be determined by the court to which this cause will be referred as hereinafter provided; and

"It further appearing that there is a grave question as to whether the aforementioned parcels and the following parcels set forth in subparagraphs of the objections of said William C. Klenk and Margaret T. Klenk, his wife, to-wit: (here follows the legal description of appellants' parcels) are located wholly or in part within the said county of Macomb and the said city of St. Clair Shores, and therefore subject to assessment and taxation by said municipalities which question should be determined pursuant to the applicable statutes of the State of Michigan by a judge other than a judge elected to serve as such in the said counties of Wayne or Macomb.

"Now, therefore, it is ordered that said questions should be determined by the taking of testimony relative thereto by a circuit judge elected and serving as such in a county of this State other than Wayne or Macomb, said judge and circuit to be selected by the Supreme Court of this State on recommendation of the court administrator of this State."

Appellees' said motion to strike subsequently came to hearing before Judge Kane, presiding in the Macomb circuit. Judge Kane granted the motion to strike and entered an order (February 17, 1961) reciting as follows:

"It is hereby ordered and adjudged that the court is required to accept and recognize the present location of the boundary line as used by the taxing authorities of Wayne and Macomb counties and the various governmental units and that this court is without jurisdiction to adjudicate and determine the legally established boundary line between the counties of Macomb and Wayne in this proceeding and that the motion of the respective municipalities and

units of government to strike the objections pertaining thereto is hereby granted.

"It is further ordered and adjudged that that portion of the order of the Honorable Alton H. Noe heretofore entered herein on August 8, 1960, finding the descriptions of parcels A, C, D, H, and I, to be vague, inaccurate, indefinite and misleading, and the taxes so assessed to be illegal and void, is to remain in full force and effect, anything herein to the contrary notwithstanding, subject to proper reassessment as provided by statute."

The present appeal followed.

The jurisdiction is upheld upon direct authority of *Auditor General* v. *Gillingham Fishing Co.,* 293 Mich 642; likewise upon the well-settled rule that the jurisdiction of equity, to which the auditor general must appeal for aid in the doing of his annual statutory task, is complete and plenary by force of venerable statute save only as specially restricted or limited (CL 1948, § 606.4 [Stat Ann 1959 Cum Supp § 27.545]).* There being no such restriction or limitation, and this Court having previously referred to said sections 60 through 67 as having clothed "the court of chancery with general jurisdiction over these [tax sale] proceedings." (*Hooker* v. *Bond,* 118 Mich 255, 257), it is held that appellants are entitled to a hearing—by the court with which their objections have been lodged—and to prove, if they can, that their said parcels have been assessed invalidly by officers of the wrong county.

We of course express no opinion of the merits. Appellants may, upon hearing, be denied relief for laches or on account of some other provable defense equity recognizes and upholds. It may be that the

---

* The cited statute provides generally that the powers and jurisdiction of the circuit courts and circuit judges in chancery shall be coextensive with the powers and jurisdiction of the English courts in chancery, as of March 1, 1847, subject to such exceptions and limitations as may be prescribed by our Constitution and laws.

"consequences"—deplored by appellees in their brief —of a decree that appellants' property belongs in Wayne rather than Macomb will for some yet unconsidered reason deter the hearing chancellor from decreeing as appellants would have the court decree. No one of these questions, however, is before us. The question of jurisdiction is, and that we determine affirmatively.

When the auditor general comes into the circuit court of each county with the annual petition required by said section 61 (CLS 1956, § 211.61 [Stat Ann 1960 Rev § 7.105]), he, as an officer of the State, enjoys no position superior to that of any other suitor in chancery.* The only exception is that which may be supplied by express statute, and there is no such presently relevant statute. He asks the aid of equity based on law, and he then and there "makes an application to the court to exercise judicial power" (quotation from *Thompson* v. *Auditor General*, 261 Mich 624, 650, 651). He must do equity if he is to have equity in such a proceeding. When and if an objector pleads and proves that the allegedly delinquent assessment of his included parcel or parcels was void for some recognized reason, and the auditor general is unable to meet such proof, then the objector, if his own conduct is not inequitable, is entitled to an adjudication of invalid assessment with stated reason for such adjudication.

It has been suggested that the concluding portion of Judge Kane's order provides appellants adequate and fully protective relief. That indeed may turn out ultimately to be so. Yet the subject of "proper reassessment as provided by statute" seemingly cannot be settled without a determination of the stated meritorious question. If reassessment is to be made, it would appear necessary that determination be

_____
* For amplification of this principle, see *Hunt* v. *State Highway Commissioner*, 350 Mich 309, 320, 321.

made of identity of the proper officers charged with the duty of such reassessment and levy. Such officers are elected and function responsibly in one county or the other.

Reversed and remanded for hearing as indicated. No costs.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, and SOURIS, JJ., concurred.

OTIS M. SMITH and ADAMS, JJ., did not sit.